UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DAVID MCWILLIS,

                Plaintiff,

v.

COUNTY OF ORANGE, CORRECT CARE
SOLUTIONS INC., DR. SORREL FELDMAN,
M.D., and ARAMARK FOOD SERVICES,

                Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

17 CV 4805 (VB)

Briccetti, J.:

Plaintiff David McWillis, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983, alleging defendants did not provide a medically-appropriate diet at Orange County Jail ("OCJ") in violation of the Fourteenth Amendment.[1]

Now pending are (i) defendants County of Orange, Correct Care Solutions, LLC ("Correct Care"),[2] and Dr. Sorrel Feldman's motion to dismiss the complaint pursuant to Rule 12(b)(6) (Doc. #28); and (ii) Aramark Correctional Services, LLC's ("Aramark")[3] motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #35).

For the reasons set forth below, the motions are GRANTED. However, plaintiff is granted leave to file an amended complaint, with the limitations explained below.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Plaintiff also asserts an Eighth Amendment claim. Although it is not addressed in plaintiff's complaint, both sets of defendants' moving papers assert plaintiff was a pre-trial detainee during the relevant time period, such that the Fourteenth Amendment applies. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).

[2] Correct Care Solutions, LLC, was incorrectly sued herein as Correct Care Solutions Inc.

[3] Aramark Correctional Services, LLC, was incorrectly sued herein as Aramark Food Services.

1

**BACKGROUND**

For the purpose of deciding the pending motions, the Court accepts as true all well pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiff's favor, as set forth below. The following facts are taken from the complaint and the documents attached thereto or incorporated by reference therein, and documents sent to the Court by plaintiff and construed as supplemental pleadings.[4] (Docs. ##5, 7, 8, 10, 12, 15).

At all times relevant to the complaint, plaintiff was incarcerated at OCJ. Plaintiff was moved to another facility sometime before November 29, 2017, and released from custody by December 18, 2017.

Plaintiff is diabetic and has stage four kidney disease as well as high blood pressure. While at OCJ, Plaintiff alleges he was served "white bread in the morning and potatoes in the afternoon with pasta or noodles in the evening." (Compl. at 3).[5] Plaintiff also alleges he was fed "a lot of salt," including cold cuts served "every night as a diabetic snack." (Id.).

Plaintiff alleges he was weak from not eating and was constantly tired. Plaintiff complained of high blood sugar as well as mood swings and anxiety caused by hunger. Plaintiff alleges his legs became swollen from eating too much salt and starch, causing him discomfort when walking. Plaintiff claims the food provided made him obese. Plaintiff also alleges he lost weight and was restless at night due to his hunger.

---

[4] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)).

[5] As used herein, "Compl. at __" refers to the Court's electronic case filing system page number stamped at the top of each page of the complaint and its attachments, all of which are filed together as a single document. (Doc. #2).

Plaintiff complained to nurses, doctors, sergeants, and the lieutenant, but did not receive meals with less starch and salt.

Defendant Dr. Feldman referred plaintiff to Dr. Tazleem Khan, a kidney specialist. In a report attached to plaintiff's complaint, Dr. Khan summarized his evaluation of plaintiff's medical history and condition, writing, "The patient admits to having poor medical care prior to incarceration. . . . [H]is diabetes in now well controlled but his [blood pressure] remains uncontrolled. . . . He admits to eating poorly especially being in the prison. He lacks physical activity. . . . He complains of leg swelling, but mainly due to inactivity." (Compl. at 12).

Plaintiff asserts OCJ is "not serving inmates a basic 2000 calorie a day diet." (Doc. #15). Plaintiff also alleges OCJ does not have a dietitian to "oversee the preparation of special and medical diets on a daily basis not just signing off in the company office on a menu." (Doc. #10 at 2).

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.     Fourteenth Amendment Claims

Defendants argue plaintiff has failed to state a claim under the Fourteenth Amendment because plaintiff received adequate food options and medical care at OCJ.

The Court agrees.

To state a claim for deliberate indifference, plaintiff's allegations must satisfy a two-prong test. First, plaintiff must plausibly allege "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." Darnell v. Pineiro, 849

4

F.3d at 29. Second, plaintiff must plausibly allege the defendants acted with "at least deliberate indifference to the challenged conditions." Id.

To plead the first prong, a pretrial detainee must establish an objective deprivation, by alleging "'the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health.'" Darnell v. Pineiro, 849 F.3d at 30 (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Id. (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).

When analyzing claims brought by pretrial detainees, the second prong "of a deliberate indifference claim is defined objectively." Darnell v. Pineiro, 849 F.3d at 35. To satisfy the second prong, a pretrial detainee must plead "that the defendant-official acted intentionally . . . or recklessly failed to act with reasonable care to mitigate the risk . . . even though the defendant-official knew, or should have known," of the risk of harm. Id. Thus, unlike the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment "can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." Id.

    A.    Plaintiff's Food-Related Claim

Plaintiff has failed to allege the food he received at OCJ posed an unreasonable risk of serious damage to his health.

The Constitution "require[s] that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir.

1983) (per curiam) (internal quotation marks and citation omitted). The denial of a medically-prescribed diet may be a constitutional violation if that denial results in a sufficiently serious medical condition. See Houston v. Schriro, 2013 WL 4457375, at *7 (S.D.N.Y. Aug. 20, 2013) (collecting cases).[6]

As a preliminary matter, Aramark may be sued for Section 1983 claims. "For the purposes of [Section] 1983, the actions of a nominally private entity are attributable to the state . . . when the entity 'has been delegated a public function by the [s]tate.'" Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296 (2001)). "Because providing food to inmates is a public function . . . and because Plaintiff's [complaint] relates to the meals that Aramark, acting as the state's culinary surrogate, provided to the prisoners," Torres v. Aramark Food, 2015 WL 9077472, at *6 (S.D.N.Y. Dec. 16, 2015), the Court concludes the complaint plausibly alleges Aramark is a state actor for purposes of this case.

Nevertheless, plaintiff's allegations are insufficient to state a claim against Aramark or any named defendant. Plaintiff alleges he suffers from fatigue, anxiety, difficulty sleeping, pain and cramps due to hunger, swollen legs (edema), obesity or weight loss, high blood sugar, and high blood pressure as a result of the meals he was served.

These allegations do not suggest recklessness on the part of defendants, or anything more than mere negligence. If anything, the documents attached to plaintiff's complaint suggest Aramark served plaintiff meals it considered consistent with his dietary restrictions, but plaintiff disagreed with Aramark's determination of what fell into that category. This is particularly true

---

[6] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

of the diabetic menu. Moreover, plaintiff's claim that his legs were swollen due to the high salt and starch in his meals is undermined by the consult note plaintiff attached to his complaint in which Dr. Khan attributed his edema to "inactivity." (Compl. at 12).

Nonetheless, to the extent either Aramark or OCJ was aware of plaintiff's high blood pressure, it appears plaintiff may be able to amend his pleadings to state a claim regarding the salt content of the food he was served. See Houston v. Schriro, 2013 WL 4457375, at *7 (deprivation of low-sodium meals serious enough to support an Eighth Amendment claim).

Accordingly, plaintiff's Fourteenth Amendment claim regarding his allegedly deficient meals is dismissed, but with leave to replead.

B.  Inadequate Medical Care Claim

Plaintiff has not sufficiently alleged Correct Care or Dr. Feldman failed to provide adequate medical care for plaintiff's diabetes and high blood pressure.

To satisfy the objective component of a claim for deliberate indifference to medical needs, plaintiff must allege, first, he "was actually deprived of adequate medical care," keeping in mind that only "reasonable care" is required. Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). Second, plaintiff must allege the "inadequacy in medical care is sufficiently serious," id. at 280, e.g., "one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (citation omitted).

Here, plaintiff does not allege any deviation from reasonable medical care or any medical care that should have been provided but was not. Indeed, plaintiff's complaint states Dr. Feldman referred plaintiff to an outside kidney specialist. Plaintiff also attaches two panels of blood tests he received and progress notes from OCJ, all of which suggest plaintiff received ongoing medical care.

7

Accordingly, plaintiff's deliberate indifference to medical needs claim is dismissed, but with leave to replead.

III. Exhaustion

Defendants argue the complaint should be dismissed because plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The Court disagrees.

Under the PLRA, inmates are required to exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). A remedy is unavailable when it is "officially on the books, [but] is not capable of use to obtain relief." Ross v. Blake, 136 S. Ct. 1850, 1859 (2016).

9 N.Y.C.R.R. § 7032 ("Title 9") lists the minimum standards and regulations for grievance programs in local jails. Inmate Grievance Form Part II, for the appeal of a denied grievance, states: "Pursuant to 9 NYCRR § 7032.5(a), any grievant may appeal any grievance DENIED by the facility administrator, in whole or in part, to the State Commission of Correction." (Bard Decl. Ex. B (emphasis in original)). However, the form provides no instruction or mechanism for appealing unanswered appeals.

Plaintiff alleges he filed two grievances regarding the food at OCJ. The complaint states "one grievance is in appeals" and plaintiff does not know the status of the other grievance. (Compl. at 4). Plaintiff attached one grievance form submitted on May 16, 2017, complaining of the food he received at OCJ. On May 24, 2017, plaintiff's grievance was denied on the merits because the diabetic menu plaintiff received was "approved by Aramark's Dietitian." (Compl. at 7). On May 24, 2017, plaintiff submitted an Inmate Grievance Form Part II, thereby appealing the decision. That same day, plaintiff's appeal was denied. On May 27, 2017, plaintiff indicated

on the Inmate Grievance Form Part II that he "agree[d] to accept the decision." (Bard Decl. Ex B).

By indicating his acceptance, plaintiff did not appeal the grievance appeal decision to the Citizen's Policy and Complaint Review Council, as required to exhaust administrative remedies at OCJ. Although this particular grievance does not satisfy the PLRA exhaustion requirement, it is unclear whether plaintiff filed another grievance regarding his food or medical care at OCJ or whether there is a grievance still on appeal.[7]

Accordingly, at this early stage, the Court declines to dismiss plaintiff's complaint based on a failure to exhaust administrative remedies.

## IV. Monell Claim

Defendants also argue plaintiff has failed plausibly to allege liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

The Court agrees.

"[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. at 691. Instead, "'[t]o hold a city liable under 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2009) (quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)).

---

[7] On July 29, 2017, plaintiff wrote to the Commissioner of Corrections: "I filed a grievance about my food tray. I'm a diabetic and they serve to[o] much starch. I grieved the issue and was told a company dietitian approved the menu. I was not told that I could appeal the decision so I filed a new grievance and it was denied saying that I agreed with the decision. I did not agree with the decision. I was told a lie. I never agreed with the decision please forward to a higher authority." (Doc. 10 at 3).

9

"[T]o allege such a policy or custom, a plaintiff may assert one of the following: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees." Guzman v. United States, 2013 WL 5018553, at *3 (S.D.N.Y. Sept. 13, 2013) (internal quotation marks omitted).

Here, plaintiff alleges the formal policies put in place by defendants Aramark and OCJ—and implemented by their employees—regarding the food served to diabetic inmates subjected him to violations of his constitutional rights. However, as discussed above, plaintiff has not alleged such policies caused a violation of his rights. In addition, plaintiff has not alleged any policy or custom regarding inadequate medical care at OCJ, or any constitutional violation related to his medical treatment.

Accordingly, to the extent plaintiff pleads Monell claims for supervisory liability, those claims are dismissed, with leave to replead.

V.  Injunctive Relief

Any claims for injunctive relief related to the food and medical care at OCJ are dismissed as moot because plaintiff is no longer housed at OCJ. See Muhammad v. City of New York Dep't of Corr., 126 F.3d 119, 123 (2d Cir. 1997) (injunctive relief claims became moot when plaintiff was released from prison because he "lack[ed] any continuing personal stake in the outcome" of the case).

10

VI. State Law Claims

Defendants argue the Court should either dismiss or decline to exercise supplemental jurisdiction over any plausible state law claims asserted in the complaint. Because the Court is granting plaintiff leave to file an amended complaint, it declines to entertain those arguments at this time. They may, however, be renewed, if and when defendants move to dismiss the amended complaint.

VII. Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted).

However, leave to amend may "properly be denied for . . . futility of amendment." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, because a liberal reading of plaintiff's complaint indicates a valid claim might be stated, and because plaintiff has not previously amended his complaint, the Court grants plaintiff leave to file an amended complaint and replead his Fourteenth Amendment claims to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

1. describe all relevant events, stating the facts that support plaintiff's case including what each individual defendant did or failed to do;

2. include a clear explanation of what health issues he attributes to the food at OCJ and the basis for that conclusion;

3. include any details regarding why he believes Aramark, OCJ, or any employee of Aramark and OCJ gave him food that was inconsistent with his dietary restrictions;

4. include a clear explanation of what health issues he attributes to the medical care he received at OCJ and the basis for that conclusion;

5. give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event; and

6. describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered <u>as a result of those acts or omissions</u>.

Essentially, the body of plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

**Finally, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint <u>all</u> information necessary for his claims.** However, plaintiff is directed to include in his amended complaint <u>only</u> those facts and documents he believes plausibly support a violation of his constitutional rights.

## CONCLUSION

Defendants' motions to dismiss are GRANTED.

However, plaintiff is granted leave to file an amended complaint with the limitations described herein. Plaintiff shall use the Amended Complaint form attached hereto.

**Plaintiff shall file his amended complaint by no later than July 31, 2018. If plaintiff fails to comply with this Order, this case may be dismissed for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motions. (Docs. ##28, 35).

Dated: June 18, 2017
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge